UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA, SHREVEPORT DIVISION

| | |
|---|---|
| In Re:<br><br>Mat Porter, Jr.,<br><br>    Debtor. | Bk. No. 16-11259<br><br>Chapter 13<br><br>OBJECTIONS TO<br>PROPOSED CHAPTER 13 PLAN<br>AND CONFIRMATION THEREOF<br><br>Confirmation Hearing –<br>Date:  November 2, 2016<br>Time: 9:30 AM<br>Place: U.S. Bankruptcy Court<br>       Courtroom Four<br>       300 Fannin St., 4th Floor<br>       Shreveport, Louisiana |

Capital One, N.A., secured creditor in the above-entitled Bankruptcy proceeding, its assignees and/or successors in interest, holds a lien current payee of mortgage note dated December 4, 2003 in the principal amount of $66,850.27 ("Note" herein) secured by a mortgage of same date ("Mortgage" herein) upon property generally described as **11770 Graham Road, Keithville, LA 71047** and legally described as set forth in the attached Mortgage.  (Copies are attached hereto as **Exhibit "A"** and made a part hereof, "Property" herein).  There is a change in title for our Secured Creditor between Hibernia National Bank and Capital One, N.A. in said Mortgage by merger document dated April 26, 2006, and hereby submits the following objections to the confirmation of that certain Chapter 13 Plan (the "Plan") proposed by Debtor:

<u>FAILURE OF PLAN TO PROVIDE FOR THE MAINTENANCE OF POST-PETITION PAYMENTS</u>

The Debtor's proposed Chapter 13 Plan fails to require the maintenance of the

1

ongoing post-petition monthly payments as required by 11 U.S.C. Section 1322(b)(5) and the Bankruptcy Appellate Panel for the Ninth Circuit. <u>In Re Gavia</u>, 24 B.R. 573 (9th Cir. BAP 1982). In fact, the plan fails to provide for Secured Creditor whatsoever.

## SECURED CREDITOR'S CLAIM WILL FULLY MATURE WITHIN THE PLAN PERIOD

Section 1322(c)(2) states, "in a case in which the last payment on the original payment schedule for a claim secured only by an interest in real property that is the Debtor's principal residence is due *before* the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified by pursuant to Section 1325(a)(5) of this title."

Section 1325(a)(5) states, "with respect to each allowed secured claim provided for by the plan—
(A) the holder of such claim has accepted the plan;
(B)
    (i) the plan provides that—
        (I) the holder of such claim retain the lien securing such claim until the earlier of—
            (aa) the payment of the underlying debt determined under nonbankruptcy law; or
            (bb) discharge under section 1328; and
        (II) If the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
    (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
    (iii) If—
        (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
        (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
(C) the debtor surrenders the property securing such claim to such holder;

Secured Creditor's Mortgage will mature on December 25, 2018. Accordingly, the Plan

2

must either surrender the Property or provide for payment of the entire loan in the Plan.

## CONCLUSION

Any Chapter 13 Plan proposed by Debtor must provide for and eliminate the objections specified above in order to be feasible and to provide adequate protection to this objecting secured creditor. It is respectfully requested that confirmation of the Chapter 13 Plan as proposed by Debtor, be denied.

WHEREFORE, secured creditor prays as follows:

(1) That confirmation of the proposed Chapter 13 Plan be denied.

(2) That confirmation of the proposed Chapter 13 Plan be continued until after this secured creditor's trial/hearing date.

(3) For attorneys' fees and costs incurred herein.

(4) For dismissal of the Chapter 13 proceeding.

(5) For such other relief as this Court deems proper.

Dated: October 21, 2016    By */s/ Stephen D. Wheelis*
    STEPHEN D. WHEELIS
Louisiana Bar No. 17205
Retained Counsel
Wheelis & Rozanski
P.O. Box 13199
2312 South MacArthur Drive
Alexandria, Louisiana 71301
(318) 445-5600
C.270-193.NF

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA, SHREVEPORT DIVISION

| | |
|---|---|
| In re | CHAPTER 13 |
| Mat Porter, Jr., | CASE NO. 16-11259 |
| Debtor. | |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served electronically and/or by first class mail, postage prepaid and properly affixed, on:

Mat Porter, Jr.
11770 Graham Road
Keithville, LA 71047

Paul M. Cooke
L. Laban Levy
Simon, Fitzgerald, Cooke, et al
4700 Line Ave. Suite 200
Shreveport, LA 71106

Lucy G. Sikes
Chapter 13 Trustee
P.O. Box 1770
Shreveport, LA 71166

Alexandria, Louisiana, this 21st day of October, 2016.

*/s/ Stephen D. Wheelis*
STEPHEN D. WHEELIS

4